AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| United States of America | ) |
| --- | --- |
| v. | ) |
|  | ) Case No. 3:25-mj-188 |
| ANDREW MARCUM | ) |
|  | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT
## BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 4, 2025__ in the county of __Multnomah__ in the _____ District of __Oregon__, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 111(a)(1) and (b) | Assaulting a federal officer with physcial contact |

This criminal complaint is based on these facts:

See attached affidavit of FBI Special Agent ▮▮▮▮▮

☑ Continued on the attached sheet.

/s/ By Phone
_____
Complainant's signature

▮▮▮▮▮ Special Agent, FPS
_____
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __1:00__ a.☒/p.m.

Date: July 6, 2025

_____
Judge's signature

City and state: Portland, Oregon

JOLIE A. RUSSO, U.S. Magistrate Judge
Printed name and title

DISTRICT OF OREGON, ss:        AFFIDAVIT OF ███████

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, ███████, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am employed as a Special Agent with the Federal Protective Service (FPS), assigned to the Region 7 Investigations Branch in Grand Prairie, TX. I have been an Agent with the FPS since October 2017. As part of my daily duties as an FPS Special Agent, I investigate general crimes. I graduated from the Federal Law Enforcement Training Center's Criminal Investigator Training Program in April 2018. I have experience investigating crimes against federal employees and federal property, including threats and assaults on federal government employees.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for ANDREW LEE WYATT MARCUM for Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1). As set forth below, I have probable cause to believe that MARCUM committed the crime of Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1).

3. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, my review of records related to this investigation, communication with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a complaint and an arrest warrant, it does not set forth each fact

**Affidavit of** ███████

that I or others have learned during this investigation.

## Applicable Laws

4.     18 U.S.C. § 111(a)(1) makes it an offense to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in 18 U.S.C. § 1114 while engaged in or on account of the performance of official duties.   Persons designated in § 1114 include any officer or employee of the United States or of any agency in any branch of the United States government while such officer or employee is engaged in or on account of the performance of official duties, and any person assisting such an officer or employee in the performance of official duties.   Under § 111(a), simple assault is a misdemeanor, but where the assaultive acts involve physical contact with the victim, the offense is a felony punishable by imprisonment up to 8 years.   Assaulting a federal officer which results in bodily injury is punishable by up to 20 years' imprisonment.   The statute does not define "bodily injury" however 18 U.S.C. § 1365(h)(4) has been interpreted to define bodily injury to mean: (A) a cut, abrasion, or bruise, (B) physical pain, or (C) any other injury to the body, no matter how temporary.

## Statement of Probable Cause

### June 2025: Protests at the Portland ICE Building

6.     Since June 4, 2025, protests have occurred at the U.S. Immigration and Customs Enforcement (ICE) Portland Field Office located at 4310 S Macadam Ave in Portland, Oregon. During daylight hours, some of the attendees at the demonstration have harassed both ICE clients and employees by following them with cameras making disparaging remarks and threatening statements, including stating that that they know where the target lives or that they will find the target of the harassment.   Many of these individuals dress in all black clothing, commonly

**Affidavit of** ▮▮▮▮▮▮▮▮                                                                                                              **Page  2**

referred to as "black bloc." Black bloc can prevent identification of individual actors by authorities. After nightfall, the attendees generally become more aggressive, damaging personal and government property, and throwing items toward federal law enforcement officers working at the building. The violence toward officers has included discharging pepper spray at officers as well as throwing rocks, trash, and bricks pulled from the ICE facility's driveway.

7.      On July 4, 2025, at approximately 8:00 PM, FPS and ICE Enforcement and Removal (ERO) Special Response Team (SRT) law enforcement personnel deployed outside the gates of the ICE to make a targeted arrest of a subject, who was graffitiing on the east side of the guard shack. Victim-1 (V1), an FPS Inspector, began pursing the target subject who was dressed in black shoes, black pants, a black t-shirt, black and white forearm coverings, and a black hat. While V1 was pursing the target subject east bound on S Bancroft near the intersection of S Moody Avenue, a subject later identified as ANDREW MARCUM, ran toward V1 and kicked him in the leg, causing him to trip. MARCUM was easily identifiable by his brightly colored pink hair and multi-colored jacket with a white border around the base. MARCUM was pursed by V1 and other officers from ICE ERO SRT and was taken into custody. The original subject of the target arrest was not apprehended.

8.      ICE ERO SRT member, Victim-2 (V2), provided a written statement about his involvement in the arrest of MARCUM. In his statement, V2 witnessed MARCUM trip V1. V2 noted MARCUM's multi-colored jacket and pink hair. V2 was able to take MARCUM to the ground. While on the ground, MARCUM kicked V2 multiple times in his legs while attempting to get away. V2 turned MARCUM over onto his back and MARCUM gave up.

9. At about 9:15 PM, Special Agent ▮▮▮, with FPS, interviewed V1. V1 told Special Agent ▮▮, his team and him were deploying from the Portland ICE building at 4310 S Macadam Avenue for a targeted arrest of a subject. While in a foot pursuit of the target subject, V1 felt his ankle get kicked from behind causing him to stumble and almost fall. V1 turned and saw the subject with pink hair, later identified as MARCUM. V1 drew his taser and pursed MARCUM, who was tackled and subdued by an ICE ERO SRT Officer moments later.

10. Special Agent ▮▮ conducted a follow-up interview of V2, later that evening, at approximately 9:20 PM. V2 informed Special Agent ▮▮, he witnessed a subject with pink hair, later identified as MARCUM, run up behind V1, as V1 was chasing another individual, and trip V1. V2 grabbed MARCUM, who tried to squirm and pull away from V2. MARCUM kicked V2 three or four times in the legs. V2 told MARCUM to stop resisting to which MARCUM complied. V2 was interviewed about an hour after MARCUM's arrest. At the time of the interview V2 reported his right knee was hurting where MARCUM kicked him.

11. On July 5, 2025, at approximately 12:04 AM, Special Agent ▮▮ and FPS Special Agent ▮▮▮ conducted an in-custody interview of MARCUM. MARCUM was read a statement of rights advisement and agreed to waive his rights. At 12:07 AM, the Special Agents started their interview. MARCUM stated he saw someone graffitiing and told them to stop. MARCUM noticed FPS and ICE coming out of the back fence. MARCUM started running because he had prior experience with cops. SA ▮▮ asked if it was related to MARCUM's 2016 arrest. MARCUM confirmed it was. MARCUM continued to say it was a situation where his brain told him he had to leave this situation. SA ▮▮ explained MARCUM didn't get arrested for just running away. SA ▮▮ told MARCUM he was in here because he tripped a

cop. MARCUM nodded his head up and down. SA ▇▇▇ said to MARCUM, you kick him in the ankle, and he almost fell down. SA ▇▇▇ asked if MARCUM remembered that. MARCUM nodded his head and said, "Um-hum."

12. On July 5, 2025, I reviewed Video Surveillance System (VSS) footage of the incident. Camera C1-E15- North Building captures footage of the assault on V1. V1 can be seen at the nearest crosswalk running north toward S Moody Avenue chasing the target subject with MARCUM running close behind V1. As V1 starts to turn east bound on the north side of S Bancroft Street, MARCUM catches up to V1 and 7:59:17 PM MARCUM kicks V1 low in the leg. As V1 recovers, MARCUM continues to run behind V1 in an eastbound direction until V1 turns and pulls his taser out. MARCUM bypasses V1 and continues to flee eastbound out of view of the VSS.

13. A review of MARCUM criminal history shows a juvenile arrest record for Burglary 2nd Degree, a felony, and Criminal Mischief 1st Degree, a felony, in January of 2016 by Portland Police Bureau. Disposition unknown.

## Conclusion

13. Based on the foregoing, I have probable cause to believe that ANDREW LEE WYATT MARCUM willfully committed Assault on a Federal Officer, in violation of 18 U.S.C § 111. I therefore request that the Court issue a criminal complaint and an arrest warrant for ANDREW LEE WYATT MARCUM.

14. Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by an Assistant United States Attorney, and the AUSA advised me that the affidavit and complaint are legally and factually sufficient to establish

probable cause to support the issuance of the requested criminal complaint and arrest warrant.

## Request for Sealing

15.   It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested arrest warrant.   I believe that sealing these documents is necessary to prevent any disclosure of the information at this time that may cause destruction of or tampering with evidence, cause intimidation of potential witnesses, or otherwise seriously jeopardize an investigation.   Premature disclosure of the affidavit and the arrest warrant may adversely affect the integrity of the investigation.

*By phone pursuant to Fed. R. Crim. P. 4.1*
███████████
Special Agent, FPS

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at  1:00  a.m./p.m. on  July 6, 2025  .

_____
HONORABLE
United States Magistrate Judge