SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE M. BOCKLEMAN, OSB #105934**
Assistant United States Attorney
Nicole.Bockelman@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:25-cr-00411-IM |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ANDREW MARCUM (aka AMBER MARCUM),** | |
| Defendant. | |

### INTRODUCTION

Defendant comes before the court with a joint recommendation from the government and defense for a sentence of 12 months probation, 10 hours of community service and a $25 special assessment. Defendant was arrested on July 4, 2025 after she assaulted an agent with Federal Protective Services.

It is the government's position that the parties' joint recommendation is sufficient but not greater than necessary to meet the goals in sentencing; this Court should impose the jointly

**Government's Sentencing Memorandum**                                                                 Page 1

recommended 12 months probation with 10 hours of community service and the $25 special assessment.

**FACTUAL BACKGROUND**

A.     **The Offense Conduct**

On July 4, 2025 at about 8 p.m., agents with U.S. Department of Homeland Security Federal Protective Service (FPS) and U.S. Immigration and Customs Enforcement and Removal (ERO) deployed at the gates of the ICE building located at the south waterfront location to make an arrest of a person who was graffitiing the ICE guard shack.

In this brief, the government will use female pronouns when referring to defendant, because defendant has identified herself using female pronouns at all court appearances and identifies as a transgender female, preferring "she/they" pronouns. PSR at ¶33. V1, an agent with FPS, began chasing the man who had been graffitiing the guard shack. While V1 was chasing the suspect, defendant ran toward V1 and put herself between the graffiti suspect and V1. While running between V1 and the suspect, defendant tripped V1, and V1 began to chase defendant to place her under arrest.

V2, an agent with ICE ERO observed defendant trip V1. V2 was able to grab defendant while she fled from V1 and placed defendant under arrest. V2 took defendant to the ground, and while V2 and defendant were on the ground, defendant kicked V2 multiple times in the leg while trying to escape. V2 placed defendant face down on the ground and defendant stopped resisting.

Agents with FPS interviewed defendant. Post Miranda, defendant told agents that she saw someone graffitiing the guard shack and she told the person graffitiing to stop. Defendant said she saw agents coming from the ICE building and started running because she has prior experience with police. Agents told defendant she was there because she tripped a cop and

defendant nodded her head up and down.  Agents told defendant, "you kicked him in the ankle and he almost fell down", asking defendant if she remembered that, and defendant nodded her head and said, "um hum" indicating yes.

During the interview, agents asked defendant if she was chasing the agent that was tripped when she was running into the street, or if defendant was running away from police. Defendant answered, "no, I'm running away".  Agents asked defendant at what point did she decide to trip V1, and defendant responded, "no, it wasn't a targeted thing, it wasn't like that. It wasn't like I saw a dude I wanted to hurt".  Defendant explained, "we should talk more about Beer Fest than anything".  Defendant explained that she had been at Beer Fest earlier that day, and did not plan to be at the ICE protest.

### The Charge

On October 23, 2025, defendant waived indictment and pleaded guilty to a single-count Information which charged that on or about July 4, 2025, in the District of Oregon, defendant did knowingly assault, resist, oppose, impeded and interfere with Adult Victim 1 (AV1), an agent of Federal Protective Services and a person designed in 18 U.S.C. § 114, while AV1 was engaged in and on account of the performance of his official duties, in violation of 18 U.S.C. § 111(a) as a Class A misdemeanor. PSR at ¶1

### B. Guidelines Calculations

The Pre-Sentence Report (PSR) determined defendant's base level to be 10 under USSG § 2A2.4(b)(1)A) and his total offense level to be 11 after all adjustments.  PSR at ¶24.  When the parties conducted their initial guidelines calculations, the government began at a Base Offense Level 10, as is reflected in Paragraph 7 of the Plea Agreement letter.

However, under USSG § 2A2.3(a)(1) because the underlying charge is Assaulting a Federal Agent as a misdemeanor under 18 U.S.C. § 111(a)(1), the parties should have applied a Base Offense level of 7. The government erroneously listed a Base Offense Level of 10 in the Plea Agreement Letter when the Base Offense Level should have been 7.

| Enhancement | Government's Position |
| --- | --- |
| Base Offense Level— USSG § 2A2.3(a)(1) | 7 |
| Official Victim USSG § 3A1.2(a) | +3 |
| Acceptance of Responsibility— USSG § 3E1.1 | -2 |
| **Total Offense Level** | **8** |
| **Resulting Guideline Range** | 0-6 months |

This results in a total offense level of 8 after all adjustments. A total offense level of 8 and criminal history category of I results in a guideline range of 0-6 months prison.

### C. Felony Criminal History

Defendant has no prior convictions and criminal history score is zero. The corresponding Criminal History Category is I. USSG § 5, Part A; PSR at ¶ 28.

### D. Government's Recommended Sentence

The parties jointly recommend a sentence of 12 months' probation, 10 hours of community service and a $25 special assessment. The government makes this recommendation because this sentence is sufficient to address the defendant's criminal conduct; the 12 months of probation will require the defendant to follow the terms of her supervision and the court's orders.

The government recognizes that defendant has no criminal history and that her conduct in this case appears to be an isolated incident that she will not repeat.

The parties recommend 12 months of probation with 10 hours of community service because this is a sentence that is sufficient but not greater than necessary to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. *Dean v. United States,* 137 S. Ct. 1170, 1175 (2017); 18 U.S.C. §3553(a).

The nature and circumstances of the underlying offense demonstrate to the court that the jointly recommended sentence of 12 months' probation and 10 hours of community service is an appropriate sentence in this case. The jointly recommended sentence should be imposed.

**CONCLUSION**

Based on the foregoing, the government urges that this Court impose the jointly recommended 12 months of probation with 10 hours of community service and the imposition of the $25 special assessment.

Dated: January 12, 2026.  Respectfully submitted,

SCOTT BRADFORD
United States Attorney


*/s/ Nicole M. Bockelman*
NICOLE M. BOCKELMAN, OSB #105934
Assistant United States Attorneys